SEXTON, Judge.
The defendant was charged with aggravated rape of his wife’s ten year old daughter in violation of LSA-R.S. 14:42. By a plea bargain agreement, the defendant plead guilty to the responsive charge of forcible rape, LSA-R.S. 14:42.1. He was sentenced to eighteen years imprisonment at hard labor. On appeal, the defendant objects to the sentence as excessive.
At sentencing the trial judge relied on the facts presented in a pre-sentence investigation report. The Court noted the defendant’s past criminal record, including two felony charges which were reduced to misdemeanors for which the defendant received probated sentences. Relying on information from the PSI report indicating that the defendant sexually abused the victim on innumerable occasions for two years prior to the instant offense, the Court noted that this offense was highly likely to recur. Based on the defendant’s criminal record, on the reported on-going nature of his criminal acts toward the victim, and on the manner in which the instant offense was committed, incarceration of the defendant was found to be necessary. The Court articulated the seriousness of the defendant’s crime which involved the threat of physical harm had the victim resisted, and which undoubtedly entailed great physical and emotional distress to the victim. He found that the loss to the victim in this case was of an irreparable nature and could not be cured by compensation. The Court also noted that there was no justification, provocation, or substantial grounds for the offense, the victim in no way induced the crime, and the defendant would not suffer excessive hardship by the imprisonment.
The record reveals that the trial judge adequately complied with LSA-C. Cr.P. Art. 894.1 in particularizing the sentence to the offender and to the offense. The record also shows that the sentence imposed was not apparently severe. The defendant’s actions against his wife’s ten year old daughter clearly amounted to aggravated rape. See LSA-R.S. 14:42(4). The crime of aggravated rape carries a mandatory penalty of life imprisonment without benefit of parole, probation or suspension of sentence. In view of the benefit the defendant received by the plea bargain through a significant reduction in potential exposure to confinement, it was not an abuse of discretion for the trial judge to impose a sentence of less than one-half the maximum penalty for forcible rape, which is 40 years at hard labor.
The defendant’s sentence is affirmed.
AFFIRMED.